CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 29 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM ANDREW ROACH, | ) |
| | ) Civil Action No. 7:10-cv-00378 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| BOTETOURT COUNTY SCHOOL | ) |
| BOARD, et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

An automobile struck William Roach ("Roach") after he alighted from a school bus at a bus stop on a highway near his home. Roach, who is now an adult, brings this action for personal injuries pursuant to the court's diversity jurisdiction against the driver who struck him, Charlie Moore ("Moore"); Roach's bus driver, Judy Gross ("Gross"); the three Botetourt County School Board ("School Board") employees who planned the bus route, Larry Hall ("Hall"), Martha Wilhelm ("Wilhelm"), and Penny Long ("Long"); and the School Board, which employed Gross, Hall, Wilhelm, and Long.[1] Roach alleges that each of the defendants caused this accident through their grossly negligent actions. All defendants except Moore, the driver who struck Roach, have moved to dismiss Roach's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the ground that the facts alleged, even if proven, would not be sufficient to overcome their sovereign immunity. Except as to the School Board, the court

---

[1] Roach is a citizen of Michigan; Moore, Gross, Hall, Wilhelm, and Long are Virginia citizens; and the School Board is considered to be a Virginia citizen for diversity purposes. See, e.g., Moor v. County of Alameda, 411 U.S. 693, 718 (1973) (noting that a political subdivision of a State is a citizen of that State for diversity purposes unless the political subdivision is purely an "alter ego" of the State). Because there is complete diversity and more than $75,000 in controversy exclusive of interest and costs, there is diversity jurisdiction pursuant to 28 U.S.C. §1332.

agrees. As to the School Board, the court finds that Virginia Code § 22.1-194, which abrogates the School Board's sovereign immunity for ordinary negligence under some circumstances, is applicable here if Roach is able to prove his allegations. Therefore, the court denies the School Board's motion to dismiss.

## I.

This case arises out of a vehicle accident that occurred the evening of February 16, 2006, when Roach, then a teenager, was a Botetourt County student. According to Roach's complaint, Gross, a bus driver working for the School Board, drove Roach home from a school activity that day in an insured bus owned by the School Board, on a route planned by School Board employees Hall, Wilhelm, and Long. Traveling after dark, southbound on Route 11, where the speed limit is 55 miles per hour, Gross neared the stop closest to Roach's home along a curve where the highway is four lanes wide. As the bus approached the stop, Roach requested that Gross turn around and drop him off on the opposite side of the highway where Roach's home was located. Although substitute bus drivers had occasionally done so at Roach's request in the past, Gross refused. Gross activated the bus' warning devices, stopped, and Roach exited. As Roach crossed the highway, he was struck by a pickup truck driven in a northbound lane by defendant Moore, who had failed to heed the school bus' warning lights. Roach sustained severe and permanent injuries as a result of the collision.

On August 23, 2010, Roach brought this suit against defendants Moore, Gross, Hall, Wilhelm, Long, and the School Board. Roach alleges that Moore was negligent in various ways, including failing to stop his vehicle and yield to a pedestrian who was under the protection of the flashing light of the school bus; that Gross was grossly negligent in refusing to drop him off on

2

the other side of the highway; that Hall, Wilhelm, and Long were grossly negligent in planning the bus route that required Roach to cross a curved four lane highway; and that the School Board is vicariously liable for the conduct of its employees. All of the defendants, with the exception of Moore, have moved to dismiss Roach's complaint under Rule 12(b)(6) on the ground that the facts alleged, even if proven, would not be sufficient to overcome their sovereign immunity.

## II.

The School Board has moved to dismiss Roach's complaint on the ground that the School Board is immune from suit. Roach contends that the facts pleaded plausibly support Roach's claim that, under the circumstances here, Virginia Code § 22.1-194 abrogates the School Board's immunity. The court agrees and denies the School Board's motion to dismiss.

To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010), this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Generally, school boards have sovereign immunity in Virginia. See Linhart v. Lawson, 261 Va. 30, 36 (2001) ("As a general matter, school boards are immune governmental entities.") (citing Kellam v. Sch. Bd. of Norfolk, 202 Va. 252, 254 (1960)); Cole v. Buchanan Cnty. Sch. Bd., 661 F. Supp. 2d 569, 572 (W.D. Va. 2009). However, Virginia Code § 22.1-194 provides, in part:

> In case . . . the school board is the owner, or operator through medium of a driver, of, or otherwise is the insured under the policy upon, *a vehicle involved in an accident*, the locality or school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of . . . and the defense of governmental immunity shall not be a bar to action or recovery.

VA. CODE § 22.1-194 (emphasis added). Here, the School Board admits that its school bus was covered by an insurance policy, satisfying the statute's first requirement for the abrogation of the School Board's sovereign immunity. (See Sch. Bd.'s Mot. Dismiss 7.) Therefore, the court turns to § 22.1-194's "involved in an accident" requirement. Although the Virginia Supreme Court has not expressly defined the meaning of the term "involved in an accident" in the context of § 22.1-194, it has provided implicit guidance as to its meaning, and that guidance counsels that the school bus from which Roach alighted was "involved in" Roach's accident and that the School Board is immune from suit here.

In Wagoner v. Benson, 256 Va. 260 (1998), a car struck a student as she crossed a road to board a school bus. The primary issue decided in Wagoner was whether the terms of the particular insurance policy issued to the Henry County School Board covered the accident, and therefore, whether the policy was "valid and collectible insurance in force to cover the injury complained of" as required by § 22.1-194. Id. at 263. Ultimately, the court concluded that the policy covered the plaintiff's injuries and that § 22.1-194 abrogated the school board's sovereign immunity. In so concluding, the Wagoner court noted, without elaboration, that the school bus was "involved in the accident." Id. This, of course, was essential to the court's finding that the school board's sovereign immunity had been abrogated by the statute.[2]

---

[2] More recently, in Robinson v. Virginia, 274 Va. 45 (2007), the Virginia Supreme Court defined the term "involved in" in the context of a penal statute, Virginia Code § 46.2-894, which prohibits a driver who has been involved in an automobile accident from leaving the scene.

4

This court sees little distinction between a plaintiff who crosses a road to board a school bus and is struck (as in Wagoner), compared to a plaintiff who exits a school bus and crosses a highway under the protection of the school bus' warning lights and is struck (as is the case here). In either case, it may be plausibly alleged that the school bus was involved in the accident. Consequently, the court finds that Roach has pleaded facts that plausibly show that the School Board's immunity has been abrogated by Virginia Code § 22.1-194,[3] and the court denies the School Board's motion to dismiss.

### III.

Gross has moved to dismiss pursuant to Rule 12(b)(6) on the ground that her job with the School Board required the "use of judgment and discretion," which entitled her to sovereign immunity for simple negligence and that Roach has not pleaded facts that plausibly support Roach's claim that she was grossly negligent, which is the absence of "slight diligence" or even "scant care." The court agrees that Gross is entitled to sovereign immunity and that the facts

---

Noting that penal statutes must be strictly construed against the Commonwealth, the court concluded that

> in order for a driver of a vehicle to be involved in an accident within the intendment of the statute, there must be physical contact between the driver's vehicle and another vehicle, person, or object, *or* the driver of a motor vehicle must have been a proximate cause of an accident.

Id. at 53 (emphasis in original). Here, Roach's allegations are sufficient to support the claim that the operation of the bus was a proximate cause of the accident and, therefore, "involved in an accident" within the meaning of Virginia Code § 46.2-894. The court sees no reason why the same reasoning would not apply to the "involved in an accident" language of § 22.1-194.

[3] The School Board also argues that, in the event that § 22.1-194 applies to Roach's case, the School Board's liability should be limited to $50,000. However, to evaluate the School Board's argument on this point would require the court to look at documents outside the pleadings, an exercise best left for summary judgment.

pleaded – that Gross stopped at the designated place along her route and activated the bus' warning lights – establishes, at least, slight diligence or scant care. Accordingly, the court grants Gross' motion to dismiss.

In Virginia, an individual who has sovereign immunity is not immunized from suit; rather, if he is sued for his own conduct, the degree of negligence necessary to impose liability upon him is elevated from simple negligence to gross negligence. Colby v. Boyden, 241 Va. 125, 128 (1991). Virginia courts consider the following four factors to determine whether employees of a governmental entity that has sovereign immunity share this immunity for actions taken within the scope of their employment:

> 1. [T]he nature of the function performed by the employee;
> 2. [T]he extent of the state's interest and involvement in the function;
> 3. [T]he degree of control and direction exercised by the state over the employee; and
> 4. [W]hether the act complained of involved the use of judgment and discretion.

Messina v. Burden, 228 Va. 301, 313 (1984) (citing James v. Jane, 221 Va. 43, 53 (1980)). "If an individual works for an immune governmental entity then, in a proper case, the individual will be eligible for the protection afforded by the doctrine." Id. at 312. Practically speaking, an employee of such an entity who is not carrying out a routine or ministerial act, but rather who is exercising discretion in carrying out a governmental function, shares his employer's sovereign immunity. To overcome this immunity, a plaintiff must plead facts plausibly supporting a claim for gross negligence: "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. . . . [It is] the absence of slight diligence, or the want of even scant care." See Frazier v. City of Norfolk, 234 Va. 388, 393 (1987) (citing Town of Big Stone Gap v. Johnson, 184 Va. 375, 378 (1945)); see also Cowan v. Hospice

6

Support Care, Inc., 268 Va. 482, 487 (2004) ("[Gross negligence] requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness.") (citations omitted).

In Linhart, the plaintiff, Linhart, was injured when he was struck by a school bus driven by an employee of the City of Norfolk School Board. Linhart, 261 Va. at 32. Linhart sued the bus driver and the School Board. The bus driver and the School Board filed special pleas in bar asserting the defense of sovereign immunity. Id. The Circuit Court held that the bus driver was entitled to sovereign immunity for acts of simple negligence. It also held that since the School Board's liability was "entirely dependent upon, and derived from" the bus driver's negligence, Linhart's claim against the School Board failed because Linhart did not allege that both defendants were grossly negligent. Id.

The Supreme Court of Virginia reversed the dismissal of the School Board and affirmed the dismissal of the bus driver. In reversing the dismissal of the School Board, the court noted and applied its previous holding in Wagoner, that § 22.1-194 abrogates the sovereign immunity of school boards to the extent of their valid and collectible insurance. Id. at 33–34. Of particular significance at this juncture, however, the court rejected Linhart's argument that § 22.1-194 also abrogated the sovereign immunity of school board bus drivers. In reaching that conclusion, the court reasoned that "[a]s a general matter, school boards are immune governmental entities" and that § 22.1-194 is a "limited abrogation of this immunity in the specific circumstances" described. Id. at 35–36. It noted that the General Assembly must plainly manifest an intent to abrogate the common law and that nothing in the statute "clearly and unambiguously removes the common law protection of sovereign immunity from bus drivers employed by school boards."

Id. at 35. Accordingly, it discerned "legislative intent" not to abrogate the bus driver's immunity. Id. The court then rejected Linhart's argument that the trial court erred in applying the four-part test for employee immunity. It reasoned that "the transportation of children in a school bus is a governmental function in which the government has a substantial interest and over which the government exercises significant control," and that the transportation of school children involves "discretion and judgment." Id. at 36.[4]

Despite the holding in Linhart, Roach relies on two cases that preceded Linhart for the proposition that the appropriate test for evaluating the exercise of discretion in the operation of a motor vehicle is whether the driver was operating under emergency conditions which inherently involve the use of discretion. See Heider v. Clemons, 241 Va. 143, 145 (1991) ("While every person driving a car must make myriad decisions, in ordinary driving situations the duty of due care is a ministerial obligation."); see also Wynn v. Gandy, 170 Va. 590, 596 (1938) (school bus driver was acting in a ministerial capacity while driving from a service station to a school before collecting students). But that reliance is misplaced because the Virginia Supreme Court has since read those two cases to stand only for the proposition that a driver must have been using his vehicle for the vehicle's designated governmental purpose to be entitled to immunity. See Stanfield v. Peregoy, 245 Va. 339, 345 (1993).[5] This reading is consistent with the Linhart

---

[4] The court notes that in Wagoner, which pre-dates Linhart, the Virginia Supreme Court held that § 22.1-194 abrogated the immunity of both school boards and individual school bus drivers for injuries arising out of the negligent operation of a school bus. Wagoner, 256 Va. at 264. However, despite the fact that Linhart does not expressly state that it has overruled Wagoner on this point, the court applies Linhart's subsequently adopted rule that § 22.1-194 does not abrogate the immunity of individual school bus drivers.

[5] The Stanfield court explained, "In Wynn, however, unlike the present case, the defendant was engaged in 'the simple operation' of the bus, approaching the place where he

8

court's determination that the bus driver, who was actively transporting children, was engaged in a discretionary, non-ministerial, governmental purpose and was therefore immune.

In the case before the court now, Gross was transporting children in the school bus at the time Moore's car struck Roach. Roach had just alighted from the bus, and Gross was operating the bus' warning devices at the time of the collision. Like the bus driver in Linhart, Gross was operating the school bus for a governmental purpose, and not as part of a routine errand, as was the case in Wynn. Consequently, Gross was performing a discretionary, non-ministerial, governmental function, and is immune from claims for ordinary negligence.

Finding that Gross has sovereign immunity, the court turns to the question of whether Roach's complaint states a plausible claim of gross negligence – the absence of even slight diligence or scant care – in order to pierce that immunity. The court concludes that even if Roach's allegations are true, they are not sufficient to establish gross negligence. Gross exercised at least some modicum of diligence and care when she stopped the bus at the location designated by the route planners, and engaged the bus' warning devices in an effort to protect Roach as he crossed the highway. This distinguishes her conduct from gross negligence where even slight diligence or scant care are absent. See Frazier, 234 Va. at 394.

For these reasons, the court finds that Gross is entitled to sovereign immunity for her conduct, and that Roach has not pleaded facts that plausibly support his claim that Gross' actions constituted gross negligence.

---

would embark on his governmental duty of transporting children. Similarly, the deputy sheriff in Heider was engaged in 'the simple operation' of his vehicle, leaving the place where he had completed the performance of his governmental duty of serving process." 245 Va. at 345.

**IV.**

Defendants Hall, Wilhelm, and Long also move to dismiss on the ground that they are entitled to governmental immunity, and that Roach has not pleaded facts that plausibly support his claim that they acted in a grossly negligent manner. The court agrees and grants their motion to dismiss.

Any allegedly negligent conduct by Hall, Wilhelm, and Long occurred in the performance of a governmental function necessarily involving the exercise of discretion. Though Virginia statutes and administrative regulations impose certain duties and guidelines on route planners, designing a school bus route inherently involves the use of considerable discretion. For example, one administrative regulation requires that bus stops be placed "only at designated points where the bus can be clearly seen for a safe distance from both directions." 8 VA. ADMIN. CODE § 20-70-80. But determining what constitutes "a safe distance" requires a route planner to make a judgment about what distance constitutes "safe" under the circumstances. Although Roach alleges that the planners exercised poor judgment in determining that the particular stop at issue here was "safe," that allegation says nothing about whether those planners exercised discretion and judgment. Simply put, there is nothing that remotely suggests that Hall, Wilhelm, and Long did not exercise discretion in planning the school bus route. Consequently, they are entitled to immunity for ordinary negligence in planning that route, and the court turns to the question of whether Roach's complaint plausibly states a claim for gross negligence against them.

Nothing in the complaint indicates that the route planners acted without even slight diligence or scant care for the safety of school bus passengers. Though Roach alleges that the stop was not located where the bus could be seen for a safe distance in both directions, as

required by the Board's own regulations, there is nothing in Roach's complaint suggesting that the three defendant route planners considered the stop to be unsafe. Moreover, even the failure of a government official to follow all applicable regulations does not necessarily mean that the official's conduct was grossly negligent. See Frazier, 234 Va. at 392–93 (failure to install a railing on the edge of a orchestra pit as required by a regulation amounted to, "at the most," ordinary negligence). In short, Roach's complaint is devoid of any facts indicating that Hall, Wilhelm, or Long acted egregiously and without even the slightest diligence in planning the bus route in this case.

Because Hall, Wilhelm, and Long are entitled to sovereign immunity from claims of ordinary negligence, and Roach has failed to plausibly plead a claim of gross negligence, the court grants their motion to dismiss.

V.

For the reasons stated above, the court grants the motions to dismiss by Gross, Hall, Wilhelm, and Long, and denies the School Board's motion to dismiss.

**ENTER:** December 29, 2010.

UNITED STATES DISTRICT JUDGE